IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HAPPY MYSTIK RAINBOW                                                                    PLAINTIFF
STOMPINGBEAR (a/k/a Chris Ward)

v.                                               Civil No.: 6:18-cv-06105

WENDY KELLEY, *et. al.*                                                                  DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction. (ECF No. 30).

### I. BACKGROUND

Plaintiff filed his Complaint on October 24, 2018. (ECF No. 1). Due to a deficiency with his *in forma pauperis* (IFP) application, his Complaint was provisionally filed and he was directed to file a completed IFP application. (ECF No. 3). He was granted IFP status on October 29, 2018. (ECF No. 7). Due to a deficiency with his Complaint, he was also directed to submit an Amended Complaint. (ECF No. 5). Plaintiff filed his Amended Complaint in this District on November 9, 2018. (ECF No. 14). He is currently incarcerated in the Arkansas Department of Correction (ADC) Ouachita River Unit. (*Id*. at 2). Plaintiff alleges his First Amendment rights and his rights under RLUIPA[1] have been violated by the ADC from 2012 to the filing of his Complaint. (*Id*. at

---

[1] Religious Land Use and Institutionalized Persons Act

1

6, 8, 12, 14). Plaintiff identifies himself as an Eclectic Pagan and alleges that ADC policy does not permit "corporate worship" by any religious group except Christians. (*Id*. at 6, 25). Plaintiff states he has been either been denied the items he requires to practice his religion, or they have been confiscated. These items include runes, tarot cards, books on Wicca, Witchcraft and Magick, a pentacle, feathers, and small crystals. (*Id*. at 7-11). Plaintiff states these denials and confiscations have occurred at the Ouachita, Pine Bluff, and Tucker Units of the ADC. (*Id*.).

Plaintiff also alleges he has not been able to engage in Native American traditional worship because he has been denied the opportunity to gather and worship in a group, "smoke the pipe," and "sweat in the lodge." (*Id*. at 12-14). Finally, Plaintiff alleges he has been forced into slave labor in violation of his beliefs that "stem from the Charge of the Goddess which give me a positive duty to be free from slavery." (*Id*. at 8-9). He states he was forced to engage in slave labor under the threat of a disciplinary charge. (*Id*. at 9). Plaintiff does not identify the ADC Units where these alleged violations of his rights occurred.

A preservice screening Order was filed on March 1, 2019. (ECF No. 24). A service Order was entered on March 5, 2019. (ECF No. 25). Plaintiff filed a Motion to Amend/Correct on March 21, 2-19, clarifying the identify of some of his John Doe Defendants and providing additional details as to his seizure of property claim. (ECF Nos. 27, 29).

On March 27, 2019, Defendants filed their Motion to Dismiss for Lack of Jurisdiction. (ECF No. 30).

## II. ANALYSIS

Defendants argue Plaintiff's case in this District should be dismissed because Plaintiff has initiated the same claims in the Eastern District of Arkansas in *Stompingbear v. Kelley*, Case No. 4:18-cv-00827-KGB-BD ("Eastern District case"). His case in this district should therefore be dismissed for lack of subject matter jurisdictions. They further argue the dismissal should further

be assigned a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff initiated litigation of a frivolous duplicative lawsuit.  (ECF No. 30 at 2; 31 at 2).

"[A] plaintiff should not be allowed to litigate the same issue at the same time in more than one federal court."  *Blakely v. Schlumberger Tech. Group*, 648 F.3d 921, 932 (8th Cir. 2011) (internal citation and quotation omitted).  "Further, dismissal of duplicative claims comports with our long-standing 'general principle' of 'avoid[ing] duplicative litigation." *Id.* (citing *Brewer v. Swinson,* 837 F.2d 802, 804 (8th Cir. 1988)).

Plaintiff's claims in this case and the Eastern District case center on his allegations that the ADC does not permit him to fully worship as an Eclectic Pagan or engage in Native American traditional worship, punishes him for practicing his religion, and gives preferential treatment to Christians.  A review of Plaintiff's Eastern District Complaint supports Defendants' summary of that case as indistinguishable from this case:

> In *Stompingbear II*,[2] he states that he is an "ardent practitioner of the eclectic pagan religion and is a Native American Indian" and that "ADC has and continues to purposefully impose a substantial burden on his being able to exercise his religion by failing to make religious accommodations for his pagan worship, and punishing him for adhering to some religious beliefs." *Stompingbear II* at DE 9-10. He alleges this has been ongoing since 2012. *Stompingbear II* at 10. Plaintiff further alleges the ADC shows preferential treatment to inmates with Christian beliefs. *Stompingbear II* at 11. Specifically, Plaintiff complains of the failure of the Defendants in *Stompingbear II* to provide him group time to celebrate sacred days of fellow ship. *Stompingbear II* at 11. He also states he has been given no accommodation so he can possess certain items he claims are religious items such as feathers, small stones, tarot cards and runes, despite multiple requests. *Stompingbear II* at 10-12. Plaintiff alleges Christian inmates are allowed special privileges and exemptions which he as a pagan is not. *Stompingbear II* at 11 Finally, Plaintiff also alleges that he is being forced into slavery which is a violation of his religion, and that he is being punished and retaliated against with disciplinaries for practicing his religious beliefs. *Stompingbear II* at 12. While Plaintiff might have provided additional details in the above-captioned pleadings, his claims are clearly identical to those contained in *Stompingbear II*.

---

[2] Defendants refer to the Eastern District case as *StompingbearII*.

(ECF No. 31 at 4-5). Plaintiff names ADC administration officials, ADC staff, ADC chaplains, and Arkansas Governor Hutchinson as Defendants for both cases. Thus, there is no question that this case and the Eastern District case are duplicative; it remains only to determine which case should be dismissed.

Consistent with the doctrine of federal comity, courts generally apply the "first to file" or "first-filed" rule in appropriate circumstances. *Everest Indem. Ins. Co. v. Ro*, 200 F. Supp. 3d 825, 833 (D. Minn. 2016). "To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993) (citing *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990)). Although called a rule, it "is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration." *Everest*, 200 F. Supp. 3d at 833 (quoting *Orthmann*, 765 F.2d at 121 ) (citation omitted). The rule "will not be applied where a court finds 'compelling circumstances' supporting its abrogation." *Nw. Airlines*, 989 F.2d at 1006 (quoting *U.S. Fire*, 920 F.2d at 488). One such compelling circumstance is where the lawsuit has progressed further in one of the jurisdictions in question. In that case, efficient judicial administration weighs in favor of deferring to the most developed case. *Orthmann*, 765 F.2d at 121; *Everest*, 200 F. Supp. 3d at 834.

Here, Plaintiff filed his case in this District on October 24, 2018. Due to a deficiency with his *in forma pauperis* (IFP) application, his Complaint was provisionally filed and he was directed to file a completed IFP application. (ECF No. 3). Due to a deficiency with his Complaint, he was also directed to submit an Amended Complaint. (ECF No. 5). Plaintiff filed his Amended Complaint in this District on November 9, 2018, (ECF No. 14), four days after Plaintiff filed his

Complaint in the Eastern District case. (ECF No. 31 at 6). Thus, as Defendants state, his first viable Complaint in this case was filed four days after his Complaint in the Eastern District. Further, the Eastern District case is considerably further developed than this case, as it was served shortly after being filed, and has progressed well into the discovery process. (ECF No. 31 at 6). In contrast, this case was served on March 5, 2019, (ECF No. 25), Plaintiff filed a Second Amended Complaint on March 21, 2019, (ECF No. 29), and Defendants' Motion to Dismiss was filed on March 27, 2019. (ECF No. 31).

Thus, the interests of justice, efficiency, and sound judicial administration support deferring to the Eastern District lawsuit and dismissing Plaintiff's case in this District.

Defendants also request that the dismissal of this case be designated as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff filed a frivolous duplicative lawsuit. A duplicative Complaint may be dismissed as frivolous under § 1915, and such a dismissal may also qualify as a strike under § 1915(g). *See e.g. Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (*per curiam*) (dismissal of cases as frivolous counted as § 1915(g) strikes because the actions were based on the same claims and against the same defendants); *Aziz v. Burrows,* 976 F.2d 1158, 1158 (8th Cir. 1992) (affirming district court's dismissal of inmate's duplicative § 1983 complaint as frivolous ). Here, Plaintiff's Complaints were clearly duplicative. Further, as he falsely indicated on all of his Complaints for both actions that he had *not* filed any other lawsuits with the same facts, it appears that his actions could also be arguably classified as malicious. "A complaint filed *in forma pauperis* is malicious if it duplicates the allegations of another complaint filed by the same plaintiff." *Ashby v. Park Nicollet Health Services*, Case No. CIV. 08-4692 JRT/FLN, 2008 WL 3911805, at *1 (D. Minn. Aug. 18, 2008); *Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984)

("an allegation that the plaintiff knows to be false is 'malicious'"). Accordingly, this dismissal is worthy of a § 1915(g) strike.

### III. CONCLUSION

Accordingly, I recommend that Plaintiff's case be DISMISSED WITHOUT PREJUDICE. I further recommend that the clerk be DIRECTED to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **11th day of April 2019**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE