IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HAPPY MYSTIK RAINBOW                                                                          PLAINTIFF
STOMPINGBEAR (a/k/a CHRIS WARD)

v.                                         Civil No. 6:18-CV-06105

WENDY KELLEY, *et. al.*                                                                        DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's Motion to Appeal *in forma pauperis*. (ECF No 43.).

### I. BACKGROUND

Plaintiff filed his initial Complaint in this case on October 24, 2018. (ECF No. 1). On May 7, 2019, the Court entered an Order dismissing his case for lack of subject matter jurisdiction because Plaintiff has another case involving the same facts currently being litigated in the Eastern District of Arkansas. (*Stompingbear v Kelley*, Case No. 4:18-cv-00827-KGB-BD). Plaintiff's case was dismissed without prejudice and a strike flag placed on the case. (ECF No. 38).

Plaintiff filed his Notice of Appeal on June 11, 2019, and his Motion to Appeal IFP on June 20, 2019. (ECF Nos. 40, 43).

## II. ANALYSIS

28 U.S.C. § 1915 governs applications for leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(1) provides:

> ". . . any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." "Good faith," within the meaning of the statute, must be judged by an objective and not subjective standard, and a litigant's good faith is demonstrated when he seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962).

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits . . . if it costs nothing whatever to do so." *Id*. at 731-32. The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

28 U.S.C. § 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

As discussed by the Court in its Order dismissing this case (ECF No. 38), the Court lacks subject matter of jurisdiction in this case. Plaintiff's appeal of the dismissal is therefore not taken in good faith.

### III. CONCLUSION

Accordingly, it is recommended that Plaintiff's Motions for Leave to Appeal *in forma pauperis* (ECF No. 43) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **7th day of August 2019**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE